EMANUEL DAVIS V. ISAAC HAGLER.

1. GUARDIAN AND WARD — *Settlement, not Set Aside.* When a receipt is given by a ward after he has reached his majority to his guardian upon a settlement as a release of all indebtedness, it will not be set aside when it appears that the settlement was made with a full knowledge of all the facts involved therein.

2. ACTION, *no Cause of, Stated; Attacking Settlement.* A petition of the ward filed in the district court, asking relief of the guardian, which avers that with such receipt the guardian fraudulently obtained a release in the probate court, does not state a cause of action. A final settlement so made in the probate court cannot be attacked collaterally.

*Error from Saline District Court.*

THE opinion states the nature of the action, and the facts. At the May term, 1886, the court sustained defendant's demurrer to plaintiff's petition, and rendered judgment against plaintiff for costs. To reverse this ruling and judgment, *Davis* brings the case here.

*John McPhail,* for plaintiff in error.

Opinion by HOLT, C.: The plaintiff brought this action in the district court of Saline county, filing a petition in which he alleged that he was the lawful son and heir of Emanuel Davis sr., who was killed in the service of the United States sometime in the year 1862, and was the only son, and joint heir with his mother to the estate of his late father; after the death of his father, his mother, in 1886, intermarried with

the defendant; before her marriage she received a 'pension as the widow of Emanuel Davis, and he also received a pension as the minor son of said Davis; immediately after her marriage with defendant, he was appointed guardian of this plaintiff, in Jackson county, Illinois, and subsequently they all removed to Kansas, where his mother died; the defendant, as his guardian, promised to purchase some land in Saline county, Kansas, but procured the title to this land in his own name rather than that of plaintiff; after living some time with defendant after his mother's death, the plaintiff left the home of defendant and married, when the defendant gave him a span of horses valued at $300, and a cow valued at $45; afterward the plaintiff was compelled to borrow money, and mortgaged his team for the payment of $100; when the notes became due for which the mortgage was given, he went to the defendant for money, and afterward, when his team was about to be sold, the defendant, fraudulently taking advantage of his necessities, gave him $150, for which plaintiff gave him a receipt in full; afterward with such receipt he went to the probate court of Jackson county, Illinois, and obtained a settlement therein as guardian of this plaintiff. A demurrer to this petition was sustained by the court; plaintiff asked and obtained leave to file an amended petition, but never filed one; he comes here on the judgment on the demurrer.

We believe the judgment of the district court was correct. The allegations of the petitioner were hardly sufficient to show that the receipt was obtained through any false pretenses, or any false statement of facts. There is no allegation that the plaintiff relied upon any statement made by the defendant; but it is alleged that the defendant took advantage of the necessities of the plaintiff, and induced him by giving him $150 in cash to release his claim upon him as guardian.

We believe with the plaintiff, that a receipt is only *prima facie* evidence of a settlement; and where there has been fraud, accident, or mistake, it can be set aside and the entire matter investigated. In this case, however, it fairly appears that the plaintiff was dealing with the defendant with the full knowl-

edge of his rights and all the facts, and his only disadvantage was his pressing need of money.

There is another objection to the petition, which is decisive of this case: The plaintiff alleges that there had been a settlement by the defendant as his guardian, in the probate court of Jackson county, Illinois. He avers that with the receipt he consummated a fraudulent settlement in that court. The petition is silent about any notice, and it must be presumed that due notice was given plaintiff of the time of settlement. He should have appeared at that time and made his showing in that court rather than here. The allegation in plaintiff's petition is simply this: that the defendant used this receipt, and thereby effected a settlement, and release from all liability as guardian, in the probate court. Such settlement must be held valid when attacked in this manner. If there was testimony fraudulently obtained and used in the settlement, it could have been attacked by a proceeding in that court; but under the allegation in plaintiff's petition, such settlement must be held valid.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.