J. D. ALLEN, as *Administrator of the estate of Henry Brown, deceased,* v. C. L. BARTLETT, *as Administrator of the estate of John Brown, deceased.*

1. ADMINISTRATOR—*Wrongful Conversion, not Shown.* The facts that an administrator of a deceased person filed an inventory of the personal property belonging to the estate on October 3, 1882, and failed to at any time thereafter make annual or final settlement of the estate prior to his death, which occurred in January, 1889, do. not alone show a wrongful conversion of such estate, or any part thereof, by the administrator, to his own use.

2. ———— *Limination of Action.* The facts above stated do not show a claim for the amount of property coming into the hands of such deceased administrator, filed by an administrator *de bonis non,* against the estate of such first administrator, to be barred by the statute of limitations.

*Error from Wilson District Court.*

ACTION by *Bartlett,* as administrator of the estate of John Brown, deceased, against *Allen,* as administrator of the estate of Henry Brown, deceased. Plaintiff had judgment at the February term, 1890, and defendant brings error. The facts appear in the opinion.

*C. S. Reed*, and *J. B. F. Cates*, for plaintiff in error:

In support of the proposition that a cause of action accrued under the statute and began to run upon the failure of the administrator to make final settlement, or to do any other act enjoined upon him by law, we cite *Carr v. Catlin*, 13 Kas. 394, where Mr. Justice BREWER, in the syllabus to that case, says:

"No action accrues against an administrator in his individual capacity until there has been some violation of his trust, nor against the sureties on his bond until there has been some breach of the conditions of the bond; and then the statute of limitations begins to run from the date of such violation and breach."

This doctrine, when applied to administrators, does not violate the well-established rule, which the court below no doubt undertook to follow in his ruling, that the statute does not run against the trustee of an express trust so long as that relation continues. But there is an exception to that rule, which Mr. Justice BREWER no doubt had in his mind when he prepared the syllabus referred to, and that is, that whenever the trustee does or performs any act hostile to his beneficiary, or commits any act of conversion or misapplication of the trust funds, a right of action accrues against such trustee. See Wood, Lim., p. 434, §§ 212, 213.

*S. S. Kirkpatrick*, for defendant in error:

The general rule is that the statute of limitations does not run in favor of a trustee of an express trust so long as that relation exists. This rule is conceded by counsel for plaintiff in error. The case of *Carr v. Catlin*, 13 Kas. 393, does not sustain counsels' contention. A presumption of conversion of the trust fund can never start the statute of limitations in favor of the trustee. In order to do so, the trustee must repudiate the trust by clear and unequivocal acts or words, and claim thenceforth to hold the estate as his own, not subject to

the trust, and such repudiation must be brought to the notice or knowledge of the *cestui que trust* in such manner as to leave no doubt of the hostile attitude of the trustee. Perry, Trusts, § 864, and authorities cited. The same principle is recognized by this court in numerous cases. *Main v. Payne*, 17 Kas. 608; *Kennedy v. Kennedy*, 25 id. 151; *Perry v. Smith*, 31 id. 423.

The evidence does not disclose any act on the part of Henry Brown to claim the estate as his own. He simply failed to report to the probate court as required by statute. Nor does it appear that he was ever requested to do so. Under these circumstances, the statute never commenced to run in his favor. This was the question submitted to the trial court, and the conclusion reached is in accord with all the authorities on the subject.

The opinion of the court was delivered by

ALLEN, J.: This case was tried on the following agreed statement of facts:

"1. John Brown died August 1, 1882.

"2. Henry Brown was appointed administrator of the estate of John Brown September 22, 1882, and gave bond as such administrator on the same day.

"3. Henry Brown, as such administrator, filed an inventory of the personal property belonging to said estate of said John Brown coming into his hands October 3, 1882, which showed $1,885.50 of the said estate, and coming into his hands as administrator.

"4. Henry Brown, as such administrator, never afterward filed any statement or annual account of his acts and doings in and about the administration of said estate, and never made any annual or final settlement of any kind or character of said estate.

"5. Said Henry Brown died January, 1889, and Sarah A. Brown and J. D. Allen were appointed administrators of the estate of Henry Brown, deceased, January 25, 1889.

"6. On May 2, 1889, C. L. Bartlett was appointed administrator of the estate of John Brown, deceased.

"7. On August 8, 1889, said C. L. Bartlett, as such ad-

ministrator, filed the account here in controversy, claiming $2,472.56 in favor of the estate of John Brown, deceased.

"8. The administrators of the estate of Henry Brown, deceased, interposed as plea thereto the statute of limitation, claiming that said demand was barred thereby."

The court found in favor of the plaintiff, and rendered a judgment accordingly. The defendant brings the case here for review.

Counsel for plaintiff in error discuss in their brief the question whether the administrator *de bonis non* can recover from the administrator of his deceased predecessor anything more than that portion of the estate which still remained unadministered in the hands of the former administrator at the time of his death, and contend that any portion of the assets of the estate which he had sold and converted to his own use could not be recovered by the administrator *de bonis non*. The principal portion of counsels' brief is devoted to a citation and discussion of authorities on this question. On the other hand, counsel for the defendant in error suggests that the record fails to present any such question; that the sole point relied on in the trial court was the statute of limitations. On inspection of the record, we find this contention sustained. The administrator *de bonis non* filed in the probate court an account against the estate of the former administrator, claiming the balance on the inventory, as shown by the report of the former administrator, and interest thereon. This account was duly verified. There is absolutely nothing in the record showing what the property was, nor when it was disposed of, if ever, nor what was done with the proceeds. For anything disclosed by the record, it might be that the administrator of his estate had the specific funds derived from the sale of the property. It is therefore not necessary to consider the question most discussed.

The only other question to be considered is, as to whether the action was barred by the statute of limitations. It is contended that when Henry Brown, administrator of the estate of John Brown, deceased, failed to make a settlement

within the time prescribed by law, or within a reasonable time thereafter, without rendering any excuse therefor, the law presumes the conversion of the funds, and the statute of limitations begins to run from the time of such failure. It is quite a startling proposition that mere neglect to perform the official duty of rendering accounts at the time required by law to the probate court will be deemed a conversion of the trust funds in the hands of the executor or administrator, so as to start the running of the statute of limitations. We think it very clear that the statute of limitations would not begin to run in favor of the administrator until he had done some unequivocal act showing the intention on his part to repudiate his trust and claim the funds as his own. It is well settled that no statute of limitations runs against the beneficiaries to a trust fund so long as the trustee continues to recognize their rights. A failure to perform an official duty at the precise time required by law is not necessarily any evidence — much less conclusive evidence — of a purpose to wrongfully convert and misapply trust funds. (*Perry v. Smith*, 31 Kas. 423; Perry, Trusts, § 864.)

We do not think the case of *Carr v. Catlin*, 13 Kas. 394, at all in conflict with our views above expressed.

The judgment is affirmed.

All the Justices concurring.