Proctor v. Dicklow.

---

O. A. PROCTOR, *as Administrator of the Estate of Joseph Dicklow, deceased,* v. ADELAIDE L. DICKLOW *et al.*

No. 8629.

1. PROBATE COURT—*Jurisdiction—Distribution of Estate.* Specific authority is conferred upon the probate courts to settle the accounts of administrators, and to order the distribution of the estates of deceased persons, and, having jurisdiction to make distribution of an estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate.

2. ———— *Final Settlement—Conclusive Adjudication.* An heir of an intestate assigned his interest to the adminstratrix of the estate, who was proceeding with the settlement. While the proceedings were yet pending in the probate court, and after due notice had been given that final settlement and distribution would be made, the heir brought an action in the district court against

the administratrix, charging maladministration, that the assignment was obtained by misrepresentation, and asking for an accounting and a recovery against the administratrix and her bondsmen. In due time, and upon legal notice, the proceedings in the probate court were continued to completion. Although the heir had full knowledge of the condition of the estate and of the wrongs alleged to have been committed by the administratrix, and had notice of the final settlement and distribution, he ignored the proceedings in the probate court, and without appearance or objection allowed final settlement to be made, the estate distributed, and the final decree entered, discharging the administratrix and releasing the sureties on the bond from further liability. No appeal was taken from the determination of the probate court, nor was any direct attack made upon the proceedings. *Held*, that the heir was concluded by the adjudication of the probate court.

*Error from Franklin District Court.*
*Hon. A. W. Benson, Judge.*

AFFIRMED.                                    OPINION FILED JUNE 6, 1896.

STATEMENT BY THE COURT.

ACTION brought by Joseph Dicklow on February 24, 1892, against his daughter, Adelaide L. Dicklow, who was administratrix of the estate of her brother, F. M. Dicklow, and F. O. Hetrick, A. Willis, and E. M. Sheldon, who were sureties upon her bond as administratrix. In his petition he alleged that he was the sole heir of F. M. Dicklow, who died March 8, 1889; that Adelaide L. Dicklow was appointed administratrix, and proceeded with the execution of the trust; that she took possession and control of the assets of the estate, converted the same into money, and has appropriated it to her own use. It is averred that while the estate was in the course of settlement she visited her father in Vermont, and by misrepresentation as to the value of the estate induced him to sell and transfer his interest to her for the sum of $500, when in fact it was worth a very much larger sum; and that he did not learn the actual facts in the case

until September, 1890.   She was charged with maladministration in several respects, and the petition, among other things, avers " that she has declared her intention and purpose to be to make final settlement of said estate and trust in the month of March next ensuing, and to convert the entire distributable balance that may be found, on such settlement, and which, if such settlement were fairly and justly made, would amount to about $3,000, to her own use, claiming it to be her property by virtue of said fraudulent release or transfer," etc.   He asks that the release and assignment be canceled, that an account may be taken between her as administratrix and the plaintiff of the value of the assets of the estate, and that he may have judgment against her as principal and the other defendants as sureties upon any balance that may be found due to him on such accounting.   The defendant Adelaide L. Dicklow answered, denying the averments of misrepresentation or fraud in the procurement of the release and assignment, as well as the averments of maladministration.

The court, upon the testimony, found that Joseph Dicklow was a resident of Vermont, while his son, F. M. Dicklow, deceased, had been a resident of Franklin county, Kansas, for a number of years, where he had been engaged as teacher and county superintendent.   He died intestate, at Baldwin, on March 3, 1889, and left surviving him as his sole heir the plaintiff, Joseph Dicklow.   Adelaide L. Dicklow, the defendant, had been engaged as a teacher in Vermont, and while attending a medical college was induced to come to Kansas to care for her brother, F. M. Dicklow, who was in declining health.   At the time of his death he owned a stock of merchandise, which, with fixtures, accounts, etc., was subsequently sold for

$4,500. There were a few other articles of personal property of inconsiderable value, and he was indebted on account of his business in the sum of $3,500. Leave to sell was duly obtained from the probate court, and the sale was fair and reasonable. On June 22, 1889, while the estate was in progress of settlement, she went to Vermont, taking with her a statement of the assets and condition of the estate signed by the attorneys for the administratrix, and also by the probate judge of Franklin county. The statement was substantially correct, and the items therein given were as nearly exact as could then be ascertained. After reading this statement to her father she offered to pay him $500 for his interest in the estate, which offer her father then accepted, and went before a notary public and executed a written release and transfer of his interest, upon which the payment was made. It appears that the money paid to him was money obtained by her from the proceeds of the estate. It was also found that she had compromised doubtful claims under the direction and approval of the probate court, collected notes, sold the property and reinvested the proceeds, paid the debts in full, made her accounts as required by law, and generally performed the duties promptly as administratrix. For her services as administratrix she was allowed by the probate court at different times the sum of $500, and a small sum was allowed to attorneys who assisted her.

On February 4, 1892, and after the debts had been paid in full, she gave due notice by publication in a paper that she would make a final settlement of the estate; and on February 24, while the notice was being published, the plaintiff brought this action for an accounting, and to set aside the release and assignment. The final settlement was in fact made on March 9,

Statement of the Case.

1892, when it was found that the amount in the hands of the administratrix due to the estate was $1,739.84. The plaintiff, Joseph Dicklow, did not appear at the final settlement in response to the notice, nor did he take any appeal or other proceedings in the probate court, but allowed the final settlement to be made without objection or interferference, and without asking any stay of proceedings, or for an injunction to prevent the use of the release and asssignment. The probate court found that the estate had been finally administered, that the balance remaining in the hands of the administratrix belonged to Adelaide L. Dicklow, the distributee, by virtue of the release and assignment, and thereupon a final decree was entered forever discharging the administratrix from the trust, and releasing the sureties upon her bond from further liability.

In its conclusions of law the district court found that Joseph Dicklow, having failed to appear at the final settlement to question the accounts or to challenge the right of Adelaide L. Dicklow to take the proceeds of the estate as distributee by virtue of the release and assignment, and having taken no appeal or any proceeding to prevent the settlement and distribution of the estate before final action was taken, was not entitled to the relief which he asked, and judgment was accordingly given. Since that time Joseph Dicklow has died, but the proceeding has been revived in the name of O. A. Proctor, as administrator of his estate.

*J. W. Deford*, and *H. P. Welsh*, for plaintiff in error.

*W. Littlefield*, and *C. A. Smart*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: While the administration of the estate was still pending in the probate court, Joseph Dicklow brought this action in the district court against the administratrix and the sureties upon her bond, charging her with maladministration, asking for an accounting, and that the release under which she proposed to claim his alleged interest in the estate should be canceled and set aside. This was done, too, with full knowledge of the condition of the estate, of the wrongs alleged to have been committed by the administratrix, and after he had learned that a settlement was to be made at the succeeding term of the probate court. Although he had legal notice of the final settlement and distribution, he ignored the probate court, and without appearance or objection allowed the final settlement to be made, the estate distributed, and the final decree entered discharging the administratrix and releasing the sureties on the bond from further liability. No appeal was taken from the determination of the probate court, nor were any supplemental pleadings filed in the district court after the settlement and distribution were made. We readily agree with the district court that he was concluded by the adjudication in the probate court. He was not a stranger to those proceedings, but was brought in by the notice, and is necessarily bound by the decision to the same extent as any other claimant, distributee, or interested party.

In this state probate courts are given complete jurisdiction of all matters connected with the settlement of the estates of deceased persons, and specific authority

Opinion of the Court.

is conferred upon them to settle the accounts of administrators and to order the distribution of estates. (¶ ¶ 2116, 2952, Gen. Stat. 1889.) Provision is also made for taking an appeal from an order of the court making distribution of an estate. That court having jurisdiction to make distribution of the estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate. The jurisdiction being ample, it must be held that Joseph Dicklow has had his day in court, and that the adjudication there made is binding upon him as against a collateral attack. (*Davis v. Hagler*, 40 Kan. 187 ; *Blake v. Butler*, 10 R. I. 133 ; *Dundas's Estate*, 73 Pa. St. 474 ; *Graham et al. v. Abercrombie et al.*, 8 Ala. 552 ; *Ward and wife v. Congregational Church*, 66 Vt. 490 ; *Carter's Appeal from Probate*, 59 Conn. 577 ; *Case of Broderick's Will*, 21 Wall. 503.) The final settlement and closing up of an estate is a judicial determination to which all interested are summoned, and by which all having a day in court are concluded. (*Musick v. Beebe, Adm'r*, 17 Kan. 47.) It is in the nature of a final judgment that the estate is fully administered, intended as a protection for the administrator and his sureties, and is ordinarily conclusive and final, unless vacated by appeal, impeached for fraud, or set aside by direct proceedings brought for that purpose.

Although the estate was unsettled, the plaintiff undertook to wrest the matter from the jurisdiction of the probate court at a time when that court had ample jurisdiction over the administratrix and the estate, and to have determined the questions which he undertook to raise by his proceeding in the district court.

1. Jurisdiction of probate court.

"In cases of this kind, where the administrator is still acting, and the estate is not settled, and the probate court has complete and ample jurisdiction over the administrator and over the estate, actions in other jurisdictions, against the administrator and his sureties on the administrator's bond should not be encouraged." ( *Stratton v. McCandless*, 27 Kan. 306.)

It is true that the district court has jurisdicton of some matters relating to the estates of deceased persons, but it is an equitable jurisdiction, not to be exercised where the plaintiff has a plain and adequate remedy by an ordinary proceeding in a tribunal especially provided by statute, and it is a well-established rule that, in cases where two courts have concurrent jurisdiction, the court which first takes cognizance of the cause retains it to the exclusion of the other. ( *Shoemaker v. Brown*, 10 Kan. 383 ; *Smith v. The Eureka Bank*, 24 id. 528 ; *Kothman v. Markson*, 34 id. 542 ; *Gafford, Guardian, v. Dickinson, Adm'r*, 37 id. 291.) The adjudication of the probate court in a matter within its jurisdiction is as conclusive upon the parties as is the judgment of the district court, and it should be allowed to stand unless set aside upon appeal or some direct attack. No special equitable considerations were shown which justified taking the matter into the district court, or warranted interference with the action of the probate court. The plaintiff, with legal notice and actual knowledge that a settlement and distribution were about to be made, could not safely ignore the proceedings in the probate court. The matters of which he complains have been finally determined in that court, and he is bound by the adjudication.

2. Jurisdiction of district court.

Judgment affirmed.

All the Justices concurring.