LAMAR B. KEITH v. W. W. GUTHRIE *et al.*

No. 10541.

1. PROBATE COURT—*has exclusive original jurisdiction of distribution of decedent's estate.* In matters pertaining to the distribution of a decedent's estate the probate court has exclusive jurisdiction subject to appeal to the district court.

2. ———— *order for payment of claimant's distributive share conclusive on executor except on appeal. He cannot enjoin its enforcement.* When one claiming to be entitled to a distributable portion of a decedent's estate, applies to the probate court for an order upon the executor for payment of the share claimed to be due, and the executor appears and resists the making of the order, but the court grants the application and orders payment; *held*, such order is conclusive upon the executor unless appealed from, and he cannot collaterally attack it by injunction proceedings in the district court to restrain the distributee from enforcing it.

Error from Nemaha District Court.   R. M. Emery, Judge.   Opinion filed March 5, 1898.   *Affirmed.*

*Wells & Wells* and *Waggener, Horton & Orr*, for plaintiff in error.

*W. F. Guthrie* and *S. K. Woodworth*, for defendants in error.

DOSTER, C. J.   The plaintiff in error is the executor of the last will of Parthenia J. Keith, deceased.   The estate in the hands of the executor consisted of money exclusively.   Of this, the husband of the deceased, one Fordyce M. Keith, was entitled under the Statute to one-half.   He assigned his distributive portion to one Uri S. Keith, who in turn assigned it to the defendant in error, W. W. Guthrie.   At the time these assignments were made, the assignor, Fordyce M. Keith, was indebted to the plaintiff in error; not, however, as executor, but in his own right.   The defendant in error, W. W. Guthrie, as assignee of For-

dyce M. Keith, applied to the probate court for an order upon the plaintiff in error as executor to pay to him the distributive share of said Keith.

The plaintiff in error resisted the application, upon the ground that Fordyce M. Keith was indebted to him, and that, under the provisions of section 100 of the Civil Code, he was entitled to set off the indebtedness due him against the distributive share of said Keith, notwithstanding the assignment to the defendant in error. The probate court ruled otherwise, and ordered payment made to the defendant in error. No appeal was taken from this order. Instead of appealing, the plaintiff in error brought proceedings in the District Court to restrain the defendant in error from enforcing the order of payment, and for an order decreeing the offset or compensation of the claims of himself and Keith. A permanent injunction was refused, and the temporary injunction granted at the institution of the proceeding was dissolved. The plaintiff brings the case to this court. It can be shortly disposed of.

The probate court is a court of exclusive jurisdiction over the distribution of the estates of deceased persons, subject to appeal to the district court. Its orders made in the exercise of its jurisdiction cannot be collaterally attacked and their effect frustrated by proceedings in other courts. Even if the district court was a court of concurrent jurisdiction, the injunction proceeding brought by plaintiff in error would not lie; because it is a general principle that, where two courts have equal jurisdiction over a subject-matter of dispute and the parties to it, the one which first obtains jurisdiction is entitled to continue in its exercise to the end. While probate courts are in a sense courts of inferior jurisdiction, they are not inferior in the sense that the superior courts will ignore their

judgments and orders, or undertake their correction otherwise than upon appeal or by other modes provided by statute. Woerner on Administration, vol. 1, § 145. The principle involved in this case is the same as that which was applied in *Proctor v. Dicklow*, 57 Kan. 119, 45 Pac. 86. In that case it was said:

"In this state probate courts are given complete jurisdiction of all matters connected with the settlement of the estates of deceased persons, and specific authority is conferred upon them to settle the accounts of administrators and to order the distribution of estates. Provision is also made for taking an appeal from an order of the court making distribution of an estate. The court having jurisdiction to make distribution of an estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate. The jurisdiction being ample, it must be held that Joseph Dicklow has had his day in court, and that the adjudication there made is binding upon him as against a collateral attack."

The judgment of the court below is affirmed.