PHINEAS T. SCRUGGS, JR., V. ROSAMOND A. SCRUGGS *et al.*

**No. 13,673.** (77 Pac. 269.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Notice of Final Settlement Held Sufficient for Distribution.* In order that an order of distribution of the estate of a decedent, made by the probate court, may be effective and binding on persons claiming a right to share in such distribution as heirs or otherwise, it is not necessary that the administrator give any other notice than that of final settlement as provided by section 2957 of the General Statutes of 1901.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed June 11, 1904. Affirmed.

*Cook & Gossett,* and *Frank M. Roberts,* for plaintiff in error.

*R. H. Field,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Rosamond A. Scruggs was the wife of Phineas T. Scruggs. Her husband dying intestate, she was, on December 30, 1891, appointed administratrix by the probate court of Wyandotte county, and thereafter gave a bond conditioned as provided by statute (Gen. Stat. 1901, § 2818). On January 5, 1895, she made a final settlement of the estate, after having given the notice required by section 2957 of the General Statutes of 1901. The court made an order of distribution, with which the administratrix fully complied. Thereafter the plaintiff in this litigation, claiming to be entitled to one-sixth of the estate as an heir, in virtue of being the illegitimate, but acknowledged, son of the intestate, sued Mrs. Scruggs and a surety upon the bond to recover $20,000, alleging that the order of distribution was void as to him because no notice has ever been given under the provisions of section 2974 of the General Statutes of 1901. A demurrer to his petition was sustained, and he brings this proceeding to review that ruling.

In the case of *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86, it was held that the probate court has jurisdiction to decide who are entitled to share in the distribution of the estate of a deceased person, and that its determination cannot be collaterally assailed. There an heir sued the administratrix upon her bond, but was denied relief on the ground that he was concluded by the proceedings in the probate court. In the opinion it was said :

"Although he had legal notice of the final settle-

ment and distribution, he ignored the probate court, and without appearance or objection allowed the final settlement to be made, the estate distributed, and the final decree entered discharging the administratrix and releasing the sureties on the bond from further liability. . . . The final settlement and closing up of an estate is a judicial determination to which all interested are summoned, and by which all having a day in court are concluded. . . . The plaintiff, with legal notice and actual knowledge that a settlement and distribution were about to be made, could not safely ignore the proceedings in the probate court. The matters of which he complains have been finally determined in that court, and he is bound by the adjudication.''

While the report of the case does not disclose the precise character of the notice referred to, it was in fact, as shown by the record, in no material respect different from that given by Mrs. Scruggs. That decision therefore, if accepted as an authority, precludes a recovery by the plaintiff. But we are asked to examine into, and determine as a new question, the purpose and effect of the statute now invoked for the reason that it was not called to the attention of the court in that case.

The statute under which notice was given (Gen. Stat. 1901, § 2957) reads :

''If an executor or administrator wish to make final settlement, he shall publish for four weeks, in some newspaper in this state having general circulation in the county, a notice to all creditors and others interested in the estate that he intends to make final settlement at the next term of the court.''

It is claimed by plaintiff in error that this notice relates merely to the adjustment and settlement of accounts between the estate and creditors and has no relation to the matter of the distribution of the residue of the estate among the heirs or legatees, and that

before any valid order for such distribution can be made a notice must be published in accordance with section 2974 of the General Statutes of 1901, reading:

"Each person entitled to distribution, not applying therefor, shall be notified in writing of *such application* ten days before such order shall be made; or if such person do not reside in this state, a notice of such application shall be published in some newspaper in this state, four consecutive weeks before such order shall be made."

It is argued that this is the construction which has been given to the two sections in Missouri, from which state they were adopted, and that such interpretation should have controlling force. It is true that this court seems not to have been called upon heretofore to interpret the latter section, that both sections were adopted literally from the statutes of Missouri, and that the supreme court of that state has given the corresponding sections the construction contended for by plaintiff. (*The State, to use of Morrison's Adm'r, v. St. Gemme's Adm'r*, 31 Mo. 230; *Lilly v. Menke*, 126 id. 190, 220, 28 S. W. 643, 994; *Baker v. Lumpee*, 91 Mo. App. 560.) But the Missouri decisions were made after the enactment of the Kansas statute, and after a change in the Missouri statute, which may have affected its interpretation. To discover the meaning of section 2974 it is important to consider it in connection with the preceding section, which reads:

"If any personal property descend, and an equal division thereof cannot be made in kind, the probate court may order the sale of such personal property, describing the time, place, manner and terms of sale, and cause the money to be distributed according to the rights of those entitled to distribution."

The natural conclusion from a comparison of the two sections is that they relate simply to the situa-

tion arising when personal property descends which cannot be divided in kind ; that the words "such application" in the second section refer to an application for a sale of the property under such circumstances, and that the notice referred to is a notice of the application for such sale.   That this was the understanding of the Kansas legislature that adopted the sections is clear from the fact that in the Revised Statutes of Missouri of 1845, which furnished the basis of the Kansas enactment, the subject of this second section was thus indicated in the heading of the article and in a marginal note : "Notice of application to sell for the purpose of distribution, how and when to be given."   (Rev. Stat. Mo. 1845, ch. 3, art. 6, §5.)   And this heading and marginal note were adopted, together with the section, by the Kansas legislature which adjourned August 30, 1855.   (Stat. Kan. Ty. 1855, ch. 1, art. 6, §5.)   It is to be remembered that under the administration act, of which this section was a part, only so much of the personal property of the decedent as was perishable was sold at once.   If this did not result in sufficient money to pay the debts, enough more was sold for that purpose.   Ordinarily the remainder was distributed in kind among the heirs or legatees, no notice being required in connection with an order for the purpose.   The section under consideration, with the one preceding it and the one following, were made necessary in order to provide for the contingency of the personal property's being incapable of division.

In December, 1855, the Missouri statute was amended by adding the words "or partition," so that the first clause of the section became "Each person entitled to distribution *or partition*." A corresponding change was made in the section which followed it, and an entirely new section was inserted preceding it, relating to pro-

ceedings where a division of the personal property could be made in kind. (Rev. Stat. Mo. 1855, ch. 2, art. 6, §§ 5–7.) As a result of these changes, the section which originally had no operation except where indivisible personal property descended was made to apply also to cases where such property was divisible, and when occasion for its construction arose (the earliest case cited having been decided in 1860) it was interpreted as though it had been originally framed as then found. Thus, what had been a requirement, exacted only under special circumstances, became in Missouri a general rule, applicable in all cases.

It is not necessary to consider what practical effect, if any, is to be given the section in our statute. In 1859 the Kansas legislature enacted the existing chapter relating to executors and administrators, substantially adopting the Ohio law on the subject, retaining, however, a few sections of the old statute, including this one. Inasmuch as under the present procedure substantially all the personal property of the estate is ordinarily sold within three months, it may be that the section no longer has any function to perform. But, in any event, it has not the force of the present Missouri statute.

We conclude that the Missouri decisions do not require any modification of the views expressed in *Proctor v. Dicklow*, supra., and that the plaintiff was bound by the order of distribution made by the probate court.

As this conclusion is fatal to the plaintiff's recovery, it is unnecessary to discuss any of the other questions raised.

The judgment is affirmed.

All the Justices concurring.