No. 28,582.

LUELLA R. CORRELL, *Appellee*, v. O. D. VANCE, as Administrator with the Will Annexed of the Estate of Thomas H. Correll, Deceased, ALICE G. TURNER and HARRY J. CORRELL, *Appellants*.

(275 Pac. 174.)

Opinion filed March 9, 1929.

*D. F. Stanley* and *R. W. Turner*, both of Mankato, for the appellants.

*Roy R. Hubbard*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question whether a petition which in effect alleges the probate of a will, proceedings in the probate court, including the appointment, qualification and action of an administrator, but which prays for an order setting aside the will, states sufficient facts to give the district court original jurisdiction (no appeal having been taken from any ruling or order of the probate court). A motion and demurrer to the petition were overruled, and the defendants appeal.

The plaintiff alleged substantially that her husband, Thomas H. Correll, since deceased, had executed a will September 21, 1922; that thereafter he and she were married; that they were at no ·time divorced, but were husband and wife at the time of his death; that the defendant Vance is the duly appointed, qualified and acting administrator with the will annexed, of the estate of Thomas H. Correll; that there was personal property belonging to plaintiff and her husband at the time of his death valued at approximately $12,000 (enumerating such personal property), also real property in the city of Mankato, and that plaintiff did not consent to take less than a widow's share under the laws of descents and distributions. She prayed that the will be vacated, set aside and held for naught; that

she be allowed the exemptions due a widow, and that the property remaining be used to pay the expenses and indebtedness of the decedent's estate, and the balance be distributed one-half to her, and one-fourth each to Alice G. Turner and Harry J. Correll, who by a former marriage were the daughter and son of the deceased. The defendants filed first, a motion to make the petition more definite and certain, and second, a general demurrer thereto as above stated.

Section 20-1101 of the Revised Statutes defines the jurisdiction of probate courts and provides that they shall have original jurisdiction as courts of record to do all things pertaining to the probate of wills, to administration of estates, and to the distribution thereof. The probate code, and particularly sections 22-101, 22-108, 22-117, 22-118 and 22-222, provide in detail for distribution of estates to widows and heirs. Section 22-1101 provides for appeals from the decisions of probate courts, among other things on all settlements of executors and administrators; on all orders directing the payment of legacies, making distribution or making allowances to the widow, and on all orders for the sale of personal estate because distribution cannot be made in kind.

In *Proctor v. Dicklow*, 57 Kan. 119, 45 Pac. 86, it was said:

"Specific authority is conferred upon the probate courts to settle accounts of administrators, and to order the distribution of the estates of deceased persons, and having jurisdiction to make distribution of an estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate." (Syl.)

In the opinion it was said:

"In this state probate courts are given complete jurisdiction of all matters connected with the settlement of the estates of deceased persons, and specific authority is conferred upon them to settle the accounts of administrators and to order the distribution of estates. (G. S. 1889, 2116, 2952.) Provision is also made for taking an appeal from an order of the court making distribution of an estate. That court having jurisdiction to make distribution of the estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate. The jurisdiction being ample, it must be held that Joseph Dicklow has had his day in court, and that the adjudication there made is binding upon him as against a collateral attack. . . . .

"Although the estate was unsettled, the plaintiff undertook to wrest the matter from the jurisdiction of the probate court at a time when that court had ample jurisdiction over the administratrix and the estate, and to have

determined the questions which he undertook to raise by his proceeding in the district court. . . .

"It is true that the district court has jurisdiction of some matters relating to the estates of deceased persons, but it is an equitable jurisdiction, not to be exercised when the plaintiff has a plain and adequate remedy by an ordinary proceeding in a tribunal especially provided by statute, and it is a well-established rule that, in cases where two courts have concurrent jurisdiction, the court which first takes cognizance of the cause retains it to the exclusion of the other." (pp. 124, 125, 126.)

In *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435, it was said:

"In matters pertaining to the distribution of a decedent's estate the probate court has exclusive jurisdiction subject to appeal to the district court." (Syl.)

In *Kothman v. Markson,* 34 Kan. 542, 9 Pac. 218, it was said:

"While the district court has jurisdiction over certain matters relating to the estates of deceased persons, it is an equitable jurisdiction, and in its exercise the court will be governed by the rules of equity, and the plaintiff, therefore, cannot successfully invoke the jurisdiction of the district court to enforce the payment of a claim against the estate of an intestate, where the statute has provided that the relief sought may be obtained in an ordinary legal proceeding in the probate court, and no special circumstances requiring the aid of equity are disclosed." (Syl. ¶ 3. See, also, *Johnson v. Cain,* 15 Kan. 532; *Swayze v. Wade,* 25 Kan. 551; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389; *Allen v. Bartlett,* 52 Kan. 387, 34 Pac. 1042; *Hudson v. Barrett,* 62 Kan. 137, 61 Pac. 737; *Holden v. Spier,* 65 Kan. 412, 70 Pac. 348; *Osborn's Estate,* 99 Kan. 227, 161 Pac. 601; *Parsons v. McCabe,* post, p. 847.)

We are of the opinion that the cases quoted and cited sufficiently direct the plaintiff to relief and that further elucidation is unnecessary.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer.