No. 28,586.

Louis Leach Parsons, as Administrator of the Estate of Galen B. Parsons, Deceased, *Appellant,* v. M. E. McCabe et al., *Appellees.*

(275 Pac. 173.)

Opinion filed March 9, 1929.

*W. F. Challis* and *B. C. Pickering,* both of Wamego, for the appellant.

*C. A. Leinbach,* of Onaga, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This appeal involves a claim held by defendants, M. C. McCabe and Son, against the estate of Galen B. Parsons, deceased, who died August 7, 1917. On August 25, 1917, Louis Leach Parsons, the plaintiff, was appointed administrator of the estate of the deceased. McCabe and Son, who had sold an automobile to Galen B. Parsons, in his lifetime, and upon which a part of the price was due when he died, presented their claim for allowance to the probate court and on May 15, 1919, the court allowed the claim to the extent of $207.73, and classified it as a fifth-class claim. No payment was made on the allowance nor had the administrator made any accounting of his administration from his ap-

pointment in 1917 up to November 14, 1923, when McCabe & Son filed a motion in the probate court to require the plaintiff to show why its claim was not paid, and also to make an accounting of the administration. On December 18, 1923, the administrator filed an account, to which defendants filed exceptions stating that claims not allowed had been paid, that some claims of the fifth class had been paid in full, by the administrator, whereas other claims of the same class had not been paid, and further, that the administrator had received $340 from the sale of the automobile which had been sold by defendants to Galen B. Parsons, the price of which had not been fully paid, when he knew there was a mortgage on the automobile and had not applied the money received to the payment of the mortgage indebtedness. This motion came on for hearing before the probate court on January 14, 1925, and after hearing the evidence the court took the matter under advisement. On January 10, 1927, the court gave judgment for defendants, sustaining their exceptions and ordering the administrator to pay the claim of defendants in the sum of $302 and the costs of the proceeding. No appeal was taken from this order, but on November 2, 1927, plaintiff filed a petition asking the court to set aside the order made on January 10, 1927, upon the ground that it was rendered without notice and therefore void, that fraud was practiced by the defendants in obtaining the order, and further that the defendant had agreed to accept a smaller amount than the court ordered to be paid. To this application the defendants filed a demurrer alleging that the administrator had failed to set forth any valid grounds for the relief sought, and that the probate court did not then have jurisdiction over the subject matter of the petition. On this demurrer the court on November 21, 1927, sustained the petition and overruled the demurrer of defendants, and at the same time made an order vacating the previous order of January 10, 1927, directing the payment in full of the claim of defendants. From this decision the defendants appealed to the district court. That court on December 22, 1927, considered the appeal and held that the petition of the administrator should be sustained in part and overruled in part. It adjudged that the order of the probate court vacating the order of January 10, 1927, be reversed and that the order made on January 10, 1927, directing the payment of defendants' claim be affirmed except as to the direction of payment in full. From that decision the administrator appeals to this court.

Plaintiff contends that the judgment of the probate court of January 10, 1927, allowing and classifying the claim of defendants, was not regularly or legally done and that the district court erred in overturning the subsequent order of the probate court setting aside the former allowance and order. On its face the judgment of January 10, 1927, was valid. The probate court is a court of record which has primary and complete jurisdiction over the estates of deceased persons. (*Hudson v. Barratt,* 62 Kan. 137, 141, 61 Pac. 737.) Its orders and judgments rendered within its jurisdiction are as conclusive as those rendered by the district court. (*Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86; *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435.) Its judgment is subject to appeal within thirty days, and when as in this case no appeal is taken the judgment is binding on the parties. The court having jurisdiction of the matter, its judgment cannot be regarded as void and is not open to attack for irregularities if any existed. The presumption is in favor of the regularity of the proceedings in the court. (*Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389.) The claim of defendants having been allowed and an order of classification made, the result when entered of record had the force of a judgment which in the absence of an appeal must be treated as a final adjudication. (*Baker v. Webster,* 106 Kan. 326, 187 Pac. 870, 1119.) The judgment of the district court holding the first judgment of the probate court to be a binding adjudication was not erroneous.

The defendants in their brief suggest that the probate court erred in a modification eliminating the words "in full" from its judgment, affirming that of the probate court made on January 10, 1927. No cross appeal was taken by defendants from the judgment of the district court, but if we treat the suggestion in the brief as a cross appeal it appears that they cannot be prejudiced from the action of the district court. If there are not sufficient assets in the estate to pay all claims of the class mentioned in which their claim is placed, there would necessarily have to be an apportionment among the creditors in that class. On the other hand, if there are sufficient funds in the estate to pay all claims, payment in full will of course be made by the administrator. No modification of the judgment in that respect is necessary.

The judgment is affirmed.