No. 28,899.

M. E. Holmes, as Administrator of the Estate of Thomas Conway, Deceased, *Appellant,* v. John Conway et al., *Appellees.*

(278 Pac. 8.)

Opinion filed June 8, 1929.

*Gordon A. Badger,* of Eureka, for the appellant.

*Edward E. Pedroja* and *Homer V. Gooing,* both of Eureka, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy chiefly presents the question whether an administrator may maintain an action in the district court to determine who are the heirs of a decedent when administration of the estate is pending in the probate court. A demurrer to the administrator's petition was sustained, and he appeals.

The facts were substantially as follows: Thomas Conway died intestate in April, 1928. He had never been married and, so far as was known at the time of his death, had no heirs. He left an estate valued at approximately $70,000, consisting largely of personal property, although a small portion consisted of an interest in real property, which was and is producing oil. The plaintiff was appointed administrator of Conway's estate; qualified, took possession of the personal property belonging to the estate, received from the oil company operating the oil wells all royalties therefrom, and had at the time of the filing of this action between $50,000 and $60,000 acquired from the personal property and royalties for oil. Thirty-three persons appeared, claiming to be heirs of Conway and entitled to participate in the property now in the hands of the administrator. The administrator in his petition sought a finding and judgment determining the heirs at law of Conway and the extent to which each was entitled to share in the distribution of funds in his hands after payment of the debts of the deceased and the charges of administration.

The first cause of action deals with personal property properly constituting the estate of the deceased, in control of the administrator; the second, with funds belonging to the heirs which have been paid to the administrator, although as administrator he had no legal right to receive them. While the principal controversy indicated by plaintiff's petition is one as to who are in fact the legal heirs of Thomas Conway, the question is presented and argued at some length as to whether the probate court has jurisdiction to determine the ownership of the fund derived from the sale of the oil now in the hands of the administrator. We are of the opinion that so far as the issues are concerned they are controlled by the question as to who are the heirs of Thomas Conway. No claim of ownership to any of the property or funds is made adverse to the

heirs or to the estate. The second cause of action refers to the first and makes the same a part so far as applicable. It then states, among other things:

"That this plaintiff holds the funds so paid him for such royalty in trust for the heirs at law of the said Thomas Conway, deceased, but that the plaintiff does not know, and with diligence is unable to ascertain, the names or whereabouts of the heirs at law of the said Thomas Conway, deceased, and that the defendants named in the caption of this petition are claiming to be his heirs at law, and are each claiming to own all or an interest in the money in the hands of this plaintiff and derived from said royalty as aforesaid, and some of said defendants are claiming title thereto adversely to each other, and this plaintiff cannot safely pay said funds so held by him in trust to any of said defendants until their right, title and interest thereto are determined, and by reason thereof this plaintiff is entitled to an adjudication as to who are the heirs of the said Thomas Conway, deceased, and adjudication as to the right, title and interest of the several defendants in and to said funds in this plaintiff's hands and derived from the royalty received from the sale of oil and gas from said lands."

From the allegations of the petition we conclude that a determination as to who are the lawful heirs will in itself solve the problem which the plaintiff presents. The authorities cited by him favorable to jurisdiction of the district court, appear to deal almost exclusively with claims arising outside the administration of estates and are not authority on the question of the probate court's jurisdiction to determine who are the heirs of the deceased.

Probate courts have jurisdiction of all matters connected with the settlement of the estates of deceased persons. Specific authority is conferred upon them to settle the accounts of administrators and to order and make distribution of estates. They therefore have jurisdiction to determine who is entitled thereto. Their judgments are ordinarily conclusive and final unless vacated by appeal, impeached for fraud or set aside by direct proceeding brought for that purpose. Ordinarily where two courts have concurrent jurisdiction the court which first takes cognizance of the cause retains it to the exclusion of the other, and while the district court has jurisdiction of some matters relating to the estates of deceased persons it is an equitable jurisdiction not to be exercised where the plaintiff has a plain and adequate remedy in the probate court. (See *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86.)

In *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435, it was said:

"The probate court is a court of exclusive jurisdiction over the distribution

of the estates of deceased persons, subject to the appeal to the district court. Its orders made in the exercise of its jurisdiction cannot be collaterally attacked and their effect frustrated by proceedings in other courts. . . . Where two courts have .equal jurisdiction over a subject matter of dispute and the parties to it, the one which first obtains jurisdiction is entitled to continue in its exercise to the end. While probate courts are in a sense courts of inferior jurisdiction, they are not inferior in the sense that the superior courts will ignore their judgments and orders, or undertake their correction otherwise than upon appeal or by other modes provided by statute."

In the recent case of *Correll v. Vance,* 127 Kan. 840, 275 Pac. 174, it was said:

"Where a party has a plain and adequate remedy by an ordinary legal proceeding in a probate court, touching a matter over which the probate court is already exercising jurisdiction with ample power to grant the relief prayed. he may not invoke the jurisdiction of the district court to accomplish the same purpose." (Syl.)

See, also, *Carter v. Christie,* 57 Kan. 492, 46 Pac. 964; *Hudson v. Barratt,* 62 Kan. 137, 61 Pac. 737; *Scruggs v. Scruggs,* 69 Kan. 487, 77 Pac. 269; *Blackwood v. Blackwood,* 120 Kan. 72, 242 Pac. 451; *Parsons v. McCabe,* 127 Kan. 847, 275 Pac. 173.

Of course, there may be circumstances where findings of the probate court with respect to who are entitled to the distributive shares of the estate are not conclusive. (See *Lindholm v. Nelson,* 125 Kan. 223, 264 Pac. 50, and cases cited therein.) Situations may exist in which persons claiming such shares might bring and maintain actions in the district court. This, however, would not concern the administrator. He is appointed by the probate court; and when he makes distribution in accordance with the orders of the court he has no further responsibility in the matter. If there are conflicting claims between persons with respect to their rights, or shares of the estate, they may present such claims either to the probate court or they may bring independent actions in the district court. In the instant case, when the heirs have been ascertained in 'the probate court and their respective rights determined, we think the plaintiff who is acting as a trustee in so far as the oil royalties are concerned, will find little difficulty in distributing them to their rightful owners.

The judgment is affirmed.

HARVEY, J., concurs in the order of affirmance.