JOHN O'LOUGHLIN v. EMMA OVERTON, *as Administratrix, etc.*

**No. 13,345.**   (74 Pac. 604.)

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS — *Attachment of. Assets by Creditor Invalid.* When administration of the estate of a deceased person resident in this state has been granted and the administrator has qualified and taken possession of its assets and is proceeding to administer the same under the direction of the probate court, a judgment of a district court against such administrator, sustaining an attachment of the goods of the estate in the hands of the administrator, and directing their sale and the application of the proceeds to the payment of a debt found due from the estate to the plaintiff, is void for want of jurisdiction, and may be set aside at any time on motion.

2. —— *Judgment May be Vacated Notwithstanding Proceeding in Error.* The court rendering such judgment is not deprived of jurisdiction to consider such motion because a proceeding in error to reverse such judgment is pending in this court.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed December 12, 1903. Affirmed.

*U. T. Tapscott, Hoskinson & Hoskinson,* and *Whitcomb & Hamilton,* for plaintiff in error.

*George Getty,* and *George J. Downer,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action by the plaintiff in error against Emma Overton individually and as administratrix of the estate of Thompson Overton, deceased, and Earlie Overton, her son. The petition stated that Thompson Overton, a resident of Hamilton county, Kansas, died intestate, leaving personal and real property in that county subject to adminis-

tration; that Emma Overton was his widow and Earlie Overton his son; that letters of administration were issued out of the probate court of that county to the widow, who gave bond and filed an inventory of the estate which had come to her hands, showing property in excess of $8000; that the administratrix had sold a portion of this property and discharged a mortgage which Thompson Overton had placed thereon. The petition alleged further:

"That said defendants, Emma Overton and Earlie Overton, have unlawfully, wilfully and fraudulently assumed the ownership of and converted to their own use the balance of said mortgaged property, which was the property of the estate of said Thompson Overton, deceased, and have converted to their own use other personal property of said estate, and are selling the said personal property for the purpose of defrauding the creditors of the estate of Thompson Overton; that said personal property is now in the immediate possession of the said Emma Overton and Earlie Overton, defendants herein; that said defendants have fraudulently caused said cattle, or a part thereof, to be rebranded in the brand of the said Earlie Overton."

Plaintiff further alleged that he had recovered a judgment against the estate of Thompson Overton, by the consideration of the probate court of Hamilton county, Kansas, which remained due and unpaid. It appears from the entire petition that administration of the estate of Thompson Overton was begun and was duly progressing, there being no allegations that the same had been closed up or any effort so to do made by the administratrix, the time for final settlement not having elapsed. The petition concluded with the following prayer: "Wherefore, the plaintiff prays judgment against the defendants, Emma Overton, administratrix of the estate of Thompson Over-

ton, Emma Overton, and Earlie Overton, in the sum of $921, and for costs." An attachment was issued; property belonging to the estate was seized. The answer was but little more than a general denial.

Subsequently the plaintiff dismissed his action as against Earlie Overton and Emma Overton in her individual capacity. Upon the statement of Emma Overton, as administratrix, that the claim sued on was not resisted, judgment was rendered against her as such administratrix for the amount of the plaintiff's claim, sustaining the attachment against the property of the estate which had been taken thereunder, finding the plaintiff had a first lien thereon, ordering the sale of this property and the application of the proceeds to the payment of the judgment rendered and the costs of the action. Afterward, at an adjourned day of the same term, a motion was filed by the administratrix of the estate to vacate this judgment because it was void. She had, however, prior to the filing of this motion, filed a petition in error in this court seeking to reverse the judgment. This petition in error was pending at the time of the hearing of the motion to vacate the judgment. The motion to set aside the judgment was sustained by the court, to reverse which ruling the plaintiff in error brings this proceeding.

We are of the opinion that the judgment against Emma Overton as administratrix was void for three reasons: (1) No cause of action was stated in the petition against her in her official capacity, the wrongs complained of having been committed entirely by Emma Overton and Earlie Overton as individuals; (2) if Emma Overton as administratrix had been charged with a conversion or concealment of the property the plaintiff would have had no right to proceed against her

by attachment to obtain a preferential payment of his claim out of the assets of the estate; (3) the district court had no jurisdiction to render the judgment it did in such an action as this, even had the administratrix been engaged in converting the property of the estate to her own use or otherwise. It could not, on account of the maladministration of her office, direct the application of the assets of the estate to the payment of a claim due to one creditor without regard to its classification and to the exclusion of the claims of other creditors. No authority of law is found for the granting of such preference. An orderly procedure is provided in the executors and administrators' act for the ascertainment and classification of the liabilities of an estate, the assembling and reduction into cash of its assets, and the payment of its debts without preference. This property had come to the hands of the administratrix and as such was still in her hands. The probate court had jurisdiction of the administratrix and of the property of the estate in her hands, and was, so far as the petition shows, proceeding by due course to apply it to the payment of all the debts of the estate in their due and legal order and proportion. This being so, the district court was not authorized to oust the probate court of its jurisdiction, take over the administration of the estate, or give the preference it did, and this jurisdiction could not be conferred by the consent of the administratrix.

It is urged, however, that, because proceedings in error were pending in this court at the time the motion was heard, the entire matter had been removed from the jurisdiction of the court below, and therefore that court could not consider the motion to vacate. The filing of a petition in error in this court does not

serve to remove the case here for all purposes. In this it is unlike an appeal from a justice of the peace to the district court. The judgment may be executed unless a stay bond is filed. The judgment continues a lien. In short, the judgment remains a judgment in the district court, and being there it is subject to the attack of a motion under section 5061, General Statutes of 1901, which provides that "a void judgment may be vacated at any time, on motion of a party or any person affected thereby."

The district court was right in setting aside this judgment and its action is affirmed.

All the Justices concurring.

MASON, J., not sitting, having been of counsel.