MARY GRADEN v. FREDERICK MAIS et ux.

No. 15,480. (95 Pac. 412.)

SYLLABUS BY THE COURT.

ADMINISTRATOR'S SALE — *Jurisdiction* — *Notice to Heirs* — *Evidence.* In an action of ejectment brought against the claimant under an administrator's deed by the heir of the deceased owner of the land the entire record of the proceedings in the probate court was introduced in evidence. It disclosed no order requiring notice of the time and place of hearing the petition to sell and fixing the length of time and the manner in which notice should be given. A copy of a printed notice appeared in the files. The court ordered the land sold, confirmed the sale made, and ordered the deed to be executed. Section 2938 of the General Statutes of 1901 provides that an administrator's deed shall be presumptive evidence that the administrator observed the directions and complied with the requisitions of the law. *Held*, the record is conclusive evidence that no order respecting notice was made; the unauthorized notice was a nullity; the subsequent acts of the court did not cure the lack of jurisdiction to enter upon the proceeding; the statute cited does no more than dispense with the production of the record in the first instance, and the deed is void.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed April 11, 1908. Reversed.

*W. E. Saum,* for plaintiff in error.

*A. D. Gilkeson,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The question in this case is whether the anterior proceedings are sufficient to uphold an administrator's deed. The district court so held, in an action

of ejectment brought by an heir at law against claimants under the deed.

The entire record of the probate court containing the proceedings upon which the deed in question is based was introduced in evidence. No order is disclosed requiring notice of the time and place of hearing the petition to sell and fixing the length of time and the manner in which notice should be given. A copy of a printed notice appears in the files. The court made an order that the land be sold, and after a sale had been made confirmed it and ordered the deed to be executed. The statute provides that an administrator's deed shall be presumptive evidence that the administrator observed the directions and complied with the requisitions of the law. (Gen. Stat. 1901, § 2938.) Are these things enough?

In this state proceedings by an administrator of the estate of a deceased person to sell real estate are regarded as adversary to the heir at law. The heir must be notified of the hearing upon the petition to sell or the court has no jurisdiction to order a sale. It is the ordinary case of obtaining jurisdiction of a party before authority to proceed against him attaches. The manner in which notice shall be given, whether by personal service, by publication or otherwise, and the length of time for which notice shall be given, must be directed by the court. (Gen. Stat. 1901, § 2923.) ·An order prescribing these essentials of notice is an indispensable requisite to a valid notice. Without it there is nothing upon which notice can rest. A notice without an order for it in its pedigree avails nothing. In the case of *Mickel v. Hicks,* 19 Kan. 578, 21 Am. Rep. 161, it was said:

"Where the court determines what kind of notice must be given, no right to give any notice exists until the court has made its determination. . . . A notice, without an order prescribing the manner thereof, has no force." (Page 582.)

In the case of *C. K. & N. Rly. Co. v. Cook,* 43 Kan. 83, 22 Pac. 988, the syllabus reads:

"If notice to the heirs and persons interested, of the time and place at which an application by an administrator to sell the real estate of the deceased will be heard, is not ordered by the probate court, and is not given to such persons, the sale is void."

There are, therefore, in proceedings of this kind two jurisdictional requirements: First, an order prescribing notice, and, second, a notice which fulfils the terms of the order; and the circumstance that a court proceeds to order a sale as if it had first obtained jurisdiction, and then confirms the sale, cannot supply the jurisdictional facts necessary to authorize it to enter upon a hearing of the petition to sell. In many instances, after a notice has been given or an act has been done which the court might have authorized, the notice or the act may be adopted and approved as if it had first been authorized. But this rule does not apply to jurisdictional matters. Unless there be jurisdiction to begin a proceeding everything done in the course of the proceeding is void, including attempts at ratification.

The terms of the statute relating to the presumptive evidence afforded by an administrator's deed go only to the extent of making the deed *prima facie* proof that the administrator complied with whatever lawful orders the court made and with whatever requirements the statutes themselves placed upon him. It does not make the deed *prima facie* evidence of jurisdiction in the court to bind the heir. In this respect the statute is much narrower than the one prescribing the evidentiary effect of tax deeds. (Gen. Stat. 1901, § 7676.)

If, however, the statute should be interpreted to mean that an administrator's deed is *prima facie* evidence of the validity of the entire proceeding upon which it is based, it would do no more than dispense with an appeal to the record in the first instance. Whenever the record is produced it must control. If it should be shown that the required record is destroyed or has been lost, then,

in the absence of secondary evidence, the presumption attending the deed might be allowed to prevail, as in the case of *Morrill v. Douglass,* 14 Kan. 293, 304. But when the complete record is offered in evidence it proves what steps essential to jurisdiction were in fact omitted as well as what steps were in fact taken. It establishes the fact that nothing was done except what it shows, and that whatever it shows to have been done was done in the manner it shows.

The foregoing propositions are not seriously contested in the brief for the defendants, but it is urged that the language of the statute contemplates that the requirements respecting notice of the hearing upon a petition to sell real estate may be imposed by mere verbal direction to the administrator and need not appear on the journal of the court. The probate court is made a court of record for the very purpose of preserving indubitable and indisputable evidence of its acts. Proceedings whereby parties may be deprived of their real estate are among the most important which the probate court has to conduct. Without jurisdiction such proceedings are *coram non judice;* and it would destroy the entire theory of judicial records if jurisdictional orders respecting such proceedings were left to depend upon the uncertain memory of spoken words. (See 4 Wig. Ev. § 2450.)

It frequently occurs that the records of probate courts are carelessly made up and do not in fact exhibit all that took place, or defectively express what actually occurred. In such a case the remedy of a party who is bound by the record is to have it corrected to speak the truth. But the record of a transaction in a court of record must supersede all other proof.

Many defects in the proceedings other than the one discussed are pointed out. Some of them are serious, but by liberal interpretation they may all be passed as irregularities.

The judgment of the district court is reversed and the cause is remanded for a new trial.