No. 21,034.

W. N. RUST, *Appellee,* v. MINNIE A. RUTHERFORD et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. ADMINISTRATOR'S DEED—*Prima Facie Evidence of Regularity.* Under
the statute making an administrator's deed, executed by order of the
probate court, presumptive evidence that the "administrator in all re-
spects observed the directions and complied with the requisites of the
law" (Gen. Stat. 1915, § 4617), such a deed is *prima facie* evidence
that the court made an order, which was complied with, requiring the
giving of a notice of the hearing of the application for an order of
sale, and that in all respects the proceedings on which the deed was
based were regular.

2. DEED—*Death of Grantor—Insufficient Evidence of Delivery.* Evidence
that the owner of real estate signed and acknowledged a deed thereto
purporting to take effect at her death, which she retained in her
possession for about three years and then, two weeks before she died,
gave to a custodian with other papers, in a sealed envelope, with the
request that he put them in his safe, giving him no other instructions
and no information as to the character of the contents of the envelope,
does not establish a delivery of the deed.

Appeal from Washington district court; JOHN C. HOGIN,
judge. Opinion filed October 6, 1917. Affirmed.

*Edgar Bennett,* of Washington, for the appellants.

*Charles Smith,* and *J. W. Rector,* both of Washington, for
the appellee.

The opinion of the court was delivered by

MASON, J.: W. N. Rust recovered a judgment against Minnie
A. Rutherford and others quieting his title to several city
lots, and the defendants appeal.

The property was formerly owned by Sarah A. Ayres. The
defendants claim under a deed to them which was signed and
acknowledged by her, but which the court found had never
been delivered. The plaintiff claims under a deed from the
administrator of her estate. No direct evidence was intro-
duced showing that the probate court had made an order
respecting the notice to be given of the hearing of the petition
on which the order for the sale of the real estate was founded.

The questions presented are, (1) whether the administrator's deed is *prima facie* evidence of the making of such an order, and of the regularity of the proceedings in other respects, and (2) whether the finding that the deed to the defendants had never been delivered was supported by the evidence.

1. It is held that a deed made under order of the probate court is not admissible in evidence without proof of the facts on which the right to execute it depends, unless the statute so provides. (*Gatton v. Tolley*, 22 Kan. 678.) The statutory provision regarding the admission of an administrator's deed reads:

"The deed of the executor or administrator, made in pursuance of the order of the court, shall be received in all courts as presumptive evidence that the executor or administrator in all respects observed the directions and complied with the requisites of the law, and shall vest the title in the purchaser in like manner as if conveyed by the deceased in his lifetime. . . ." (Gen. State. 1915, § 4617.)

This does not in so many words make the deed itself *prima facie* evidence that all requirements of the law essential to its validity have been met, and this fact has been commented upon in *Graden v. Mais*, 77 Kan. 702, 95 Pac. 412. The deed, however, is made presumptive evidence that the administrator has "in all respects observed the directions and complied with the requisites of the law." The law provides that the administrator shall give notice of the hearing of his petition for an order to sell real estate for such time and in such manner as the court shall require. (Gen. Stat. 1915, § 4602.) A presumption that the administrator in the proceedings in respect to the issuance of the deed has fully complied with the requisites of the law implies that he has given notice in accordance with the order of the court with respect thereto, since that is required by the statute, and, therefore, also implies that the court has made such an order. We think a liberal construction of the statute to promote its object (Gen. Stat. 1915, § 11829) requires it to be interpreted as meaning that an administrator's deed is *prima facie* evidence of the regularity of all the proceedings on which it is based. .

2. In May, 1908, Sarah A. Ayres signed a deed purporting to take effect at her death, and to convey the lots to the defendants, which she acknowledged before the register of deeds. She retained it in her own possession, however, until about

two weeks before her death (in May, 1911) when, according to the testimony of the person who drew it for her, who was called as a witness by the plaintiff, she left it in his possession with other papers in a sealed envelope, which she asked him to put in his safe, giving no other instructions whatever, and not informing him as to the contents of the envelope. This evidence was entirely consistent with the theory that the deed was left with the custodian merely for safekeeping—that the grantor retained control of it, and, therefore, that there was no delivery such as to give it effect. Evidence was introduced by the defendants having some tendency to the contrary, but no special findings were made, and it can not be said that a different conclusion from that reached by the court was required.

The judgment is affirmed.