No. 31,897

ELIZABETH UHL, as an Individual and as Guardian of the Person and Estate of HERBERT E. UHL, an Insane Person, *Appellee,* v. DAVID L. GRONER, Executor of the Estate of J. N. Groner, Deceased, *Appellant.*

(38 P. 2d 130)

Opinion filed · December 8, 1934.

*Oscar Raines, Ralph F. Glenn* and *Ivah Raines Glenn,* all of Topeka, for the appellant.

*William J. Morse,* of Oskaloosa, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The executor in this case appeals from the order of the district court overruling his motion to quash an execution in the hands of the sheriff and to set aside the levy thereof when it was issued by the clerk on a judgment rendered in the district court against the estate of the deceased without any lien being given on any land, after the land on which the execution was levied had been sold and conveyed by the executor with the approval and confirmation of the probate court, for the payment of debts of the estate, and after the plaintiff had filed and exhibited a copy of such judgment with the probate court and the probate court had allowed and classified the judgment in the fifth class, from which order no appeal had been taken.

Appellee relies almost entirely upon R. S. 60-3126, which gives the judgment creditor a lien on the real estate of the debtor from the first day of the term at which the judgment is rendered. It is argued by appellee that by the action of the executor in asking the probate court for permission to sell the real estate for the payment of the debts of the estate, the real estate of the deceased becomes that of the judgment debtor, the estate, where the debt for which the judgment was rendered originated not during the life of the deceased, but during the settlement of the estate, and although there is nothing in the judgment making it a specific lien on any land, the statute above cited makes it a definite lien on all the land of the judgment debtor, the estate, that is offered for sale to pay the debts of the estate.

The novel and unusual feature about this case is that the judgment rendered in the district court was not based upon any act or contract of the deceased, but the action was to set aside a contract made by the executor with the plaintiffs for the sale and purchase of land to pay the debts of the estate. The purchasers at the sale,

Uhl and wife, paid $1,000 cash to the executor and promised to pay the balance in a few months, which was never paid. Mrs. Uhl,. as guardian for her insane husband, and for herself, commenced this action in the district court June 2, 1931, against the executor and the estate to set aside this contract of purchase, and, on December 5, 1931, the court not only set the contract aside, but granted plaintiffs a judgment against the estate for $723.33. On the 29th of April, 1932, Mrs. Uhl filed a certified copy of the judgment in the probate court, and it was that day allowed by the probate court as a fifth-class claim against the estate. Other fifth-class claims were allowed both before and after that date. On September 21, 1932, the executor again petitioned the probate court for permission to sell some real estate for the purpose of paying debts of the estate, which petition was granted, sale of an eighty-acre tract was made to one J. N. Hedrick, sale approved, and executor's deed executed and delivered, which deed was recorded on March 10, 1933. On July 5, 1933, plaintiffs caused an execution to. issue out of the district court to be levied upon this same eighty-acre tract that had been sold to Hedrick, and it was advertised to be sold on September 4, 1933, by the sheriff to satisfy this judgment.

Two days before such sale the executor filed this motion to quash the execution and set aside the levy, setting out many reasons, some of which are set out in the first part of this opinion. The court overruled the motion, but upon an appeal being taken by the executor, the court restrained the sheriff from selling the land during the pendency of the appeal.

No question is raised as to the district court being the proper tribunal in which to commence an action to set aside a contract, and in doing so a judgment for good cause could very properly be rendered against the defendant and in favor of the plaintiffs. The plaintiffs then followed the statutory plan of having the judgment allowed by the probate court as a claim against the estate and placed in one of the classes. (R. S. 1933 Supp. 22-707, 22-701.) R. S. 22-821 directs that deeds of executors made in pursuance of the statutory regulation prescribed in this article shall be received in all courts as presumptive evidence of the regularity of such proceedings and vest title in the purchaser in like manner as if conveyed by the deceased in his lifetime.

We are not here confronted with any attempt of the trial court to make the judgment a lien on the estate of the deceased. So the

judgment is only a judgment against the estate and the executor as such. Appellee argues that R. S. 60-3126 makes any general judgment against the estate a lien upon all the real property of the estate, and particularly that property which the probate court permitted the executor to sell to satisfy the debts of the estate. We are not convinced by this reasoning, especially when the plaintiffs in effect waived any such priority, if they ever had it, under the statute last above cited, by affirmatively seeking a classification of the judgment in the probate court, and assented to its being placed in the fifth class with four other classifications of claims prior thereto by failing to appeal from such order of the probate court.

R. S. 22-819 states specifically that when a sale is regularly made by an executor the deed shall convey to the purchaser all the right, title and interest the deceased had in the premises sold. Appellee distinguishes between debts of the deceased and debts of the estate, but cites no authority for the making of either a lien except the general judgment lien statute. In the case of *O'Loughlin v. Overton,* 68 Kan. 92, 74 Pac. 604, it was held:

"When administration of the estate of a deceased person resident in this state has been granted and the administrator has qualified and taken possession of its assets and is proceeding to administer the same under the direction of the probate court, a judgment of a district court against such administrator, sustaining an attachment of the goods of the estate in the hands of the administrator, and directing their sale and the application of the proceeds to the payment of a debt found due from the estate to the plaintiff, is void for want of jurisdiction, and may be set aside at any time on motion." (Syl. ¶ 1.)

In the recent case of *Parsons v. McCabe,* 127 Kan. 847, 275 Pac. 173, it was said:

"A probate court is a court of record which has primary and complete jurisdiction over the estates of deceased persons, and its decisions rendered within its jurisdiction are as conclusive as judgments rendered by the district court.

"A decision of the probate court allowing a claim against the estate of a deceased person and placing it in a certain classification, if not appealed from, is a final adjudication binding upon the parties." (Syl. ¶¶ 1, 2.)

"The doctrine is well settled that property in the hands of . . . executors and administrators . . . is regarded as being in *custodia legis,* and cannot be reached by execution, in the absence of statutory authority." (23 C. J. 357.)

"In the absence of a statute providing otherwise, a judgment against an executor or administrator is not a lien either on the lands of the estate or on those belonging to the representative individually." (24 C. J. 894; see, also, 34 C. J. 572.)

We conclude that the judgment rendered by the district court without making it a specific lien was perfectly proper, and the allowance and classification of the same by the probate court at plaintiffs' request was in pursuance of the statutory provisions, and conclusive if no appeal is taken. The district court lost jurisdiction when the matter was certified to the probate court and recognized there. The execution in this case was improperly issued, and the motion of the executor to quash it and set aside the levy should have been sustained.

The judgment is reversed with directions to quash the execution and set aside the levy.