No. 32,599

Fred M. Staker, *Appellant*, v. Nick Gillen, Mike Gillen as Administrator of the Estate of Mary Gillen, Deceased, and Mary Devore, *Appellees*.

(53 P. 2d 821)

Opinion filed January 25, 1936.

*S. S. Alexander* and *T. M. Flick*, both of Kingman, for the appellant.

*John McKenna, Clark A. Wallace* and *Paul R. Wunsch,* all of Kingman, for the appellees.

The opinion of the court was delivered by

Wedell, J.: This appeal is from an order sustaining separate demurrers of appellees to appellant's petition, and from judgment in favor of appellees.

The action was instituted in the district court. It sought to impress a judgment lien on the net part of an heir's distributive share of an estate, prior to final order of distribution by the probate court.

Staker, plaintiff below, appellant here, sued Nick Gillen, against whom he then had a judgment, Mike Gillen, as administrator of the estate of Mary Gillen, deceased, and Mary Devore. Nick Gillen was the former husband of Mary Gillen, deceased. Mary Devore was the purchaser at a probate sale of certain real estate owned by Mary Gillen, deceased, during her lifetime.

The pertinent allegations of the petition in substance were appointment of Mike Gillen, as administrator of the estate of Mary Gillen, deceased, by the probate court of Kingman county; plaintiff secured judgment against Nick Gillen in justice court on September 29, 1934, for $181.26, and transferred the judgment by abstract to district court on October 1, 1934; execution issued November 28, 1934, and was levied on real estate; the sheriff of Kingman county offered the real estate for sale, which was struck off to plaintiff on February 20, 1935, for the sum of $205.61, being the amount of judgment, interest and costs to date of sale, but the sale was set aside for irregularity and failure of the sheriff to keep execution alive by alias; Mary Gillen died on or about October 6, 1933; her estate was probated in the probate court of Kingman county; inventory, reports and proceedings on file disclosed the only property of Mary Gillen, deceased, to be the real estate sold on execution; the only indebtedness of Mary Gillen, deceased, was that of an undertaker's bill, amounting to approximately $230, together with the costs of probate proceedings; on January 26, 1935, an order of sale was issued by the probate court of Kingman county, ordering the administrator to sell the real estate mentioned; the administrator, on February 16, 1935, brought suit in the district court wherein Mike Gillen, as administrator of the estate of Mary Gillen, deceased, was plaintiff, and the sheriff of Kingman county and others were defendants, to enjoin the plaintiff, Fred M. Staker, from selling this real estate; the application of plaintiff for a restraining order was denied; on February 20, 1935, and prior to the time the sale was fixed to be held and was held in the case pending in the district court, the administrator reported a sale for $1,700 of said real estate, and caused a deed to be recorded in the office of the register of deeds in and for Kingman county, in favor of the

defendant, Mary Devore; Mary Devore has not paid the full purchase price for said property; that Mary Devore at the time of purchasing the property knew of plaintiff's lien and execution thereon; Mary Devore and each and all of the defendants conspired and confederated and agreed among themselves to cheat, wrong and defraud the plaintiff, to endeavor to make a fictitious sale of such real estate, prior to and in advance of the sale in case number 744 (which was the execution sale on plaintiff's judgment); if the sale to Mary Devore is a genuine sale that then and in that event the lien and claim of plaintiff for the sum of $205.61, together with costs of this action, and all accruing costs in this case and in case number 744, should be impressed upon the proceeds of said sale (probate sale), which by law would otherwise be due to Nick Gillen; that Nick Gillen, at the time of the death of Mary Gillen, was her husband, and as such inherited an undivided one-half interest in and to her property, subject to her debts.

Plaintiff further stated that he could not with greater certainty set forth the facts with reference to the sale or purported sale (probate sale) to said Mary Devore, and asked discovery of the facts by each and all of the defendants.

The prayer of the petition asked that defendants be required to disclose their right, title and claim to the real estate in question and to the proceeds of the sale, and further asked that plaintiff be decreed to have a lien and that such lien be impressed upon such real estate and the proceeds thereof.

Appellees lodged separate demurrers to the petition, the grounds of which were: (1) The district court has no jurisdiction of the subject of this action. (2) Plaintiff has no legal capacity to sue. (3) The petition does not state facts sufficient to constitute a cause of action in favor of plaintiff. (4) The causes of action are improperly joined. The separate demurrers were sustained generally. Judgment was rendered for defendants on their respective motions. From this order and judgment plaintiff appeals.

It will be noted the judgment debtor, Nick Gillen, was the former husband of Mary Gillen, who died intestate. The judgment of appellant was obtained against Nick Gillen in justice court, after the death of Mary Gillen, deceased. When this judgment was abstracted to the district court it became a lien on any real estate owned by Nick Gillen in that county. (R. S. 61-907, 60-3126.)

(*Treptow v. Buse,* 10 Kan. 170; *Rahm v. Soper,* 28 Kan. 529; *Honce v. Schram,* 73 Kan. 368, 371, 85 Pac. 535.) The estate of Mary Gillen, deceased, was then in the process of administration. No final order of distribution had been made. There was a debt to be paid out of the Mary Gillen estate. Charges of administration remained to be paid. The petition specifically alleged this one piece of real estate was the only property of Mary Gillen, deceased. It was therefore subject to sale by the probate court for the payment of debts and charges of administration. (R. S. 22-801.) Appellant's judgment lien on this real estate was subject to the claim of any creditor of Mary Gillen, deceased, or any proper claim against her estate, and the charges of administration. The real estate was sold. No irregularities or defects in the probate procedure for the sale of the real estate is alleged. The deed to the purchaser, Mary Devore, was placed of record. We must therefore assume, in the absence of allegations to the contrary, the sale was in all respects regular, and the purchaser acquired title free from any lien of appellant. The pertinent portion of R. S. 22-819 reads:

"The deed shall refer to the order of sale by its date, and the court by which it was made, and shall convey to the purchaser all the right, title and interest the deceased had in the premises sold, discharged from liability for his debts."

R. S. 22-821 reads:

"The deed of the executor or administrator made in pursuance to either of the two foregoing sections shall be received in all courts as presumptive evidence that the executor or administrator in all respects observed the directions and complied with the requisites of the law, and shall vest the title in the purchaser in like manner as if conveyed by the deceased in his lifetime."

An administrator's deed is prima facie evidence of the regularity of all the proceedings on which it is based. (*Rust v. Rutherford,* 101 Kan. 495, 167 Pac. 1056.) See, also, *Uhl v. Groner,* 140 Kan. 653, 655, 38 P. 2d 130. Appellant had no judgment lien on property of the deceased. He had a judgment lien only on the real estate inherited by his judgment debtor. The title to that interest vested in the judgment debtor subject to appropriation for payment of decedent's debts, claims against the estate of the deceased, and charges of administration. The sale of the real estate in the case was necessary to pay such claims and charges. The proceeds of the sale were not real estate but personalty, subject to payment of debts, claims, charges of administration and to final order of distribution

by the probate court. The judgment-lien statute gave appellant no lien on personal property of his judgment debtor. With the sale of the real estate appellant's judgment lien vanished. Thereafter he had only a judgment against the distributee.

Appellant further earnestly contends the district court alone has jurisdiction to determine questions of ownership or title to property. The difficulty with that contention is the petition does not allege appellant's ownership of or title to the heir's net distributive share.

Appellant seeks to invoke the aid of a court of equity. He asks the district court in its equity power, first, to create a lien, and second, to impress such lien on the heir's net distributive share. This the district court or any other court is without authority to do. The petition does not allege appellant had no adequate remedy at law. Aid of equity cannot be invoked if the claimant has an adequate remedy at law. In the early case of *Kothman v. Markson,* 34 Kan. 542, 9 Pac. 218, it was said:

"From his petition it appears that the estate is in course of administration; that there is considerable money in the hands of the administrator subject to the payment of debts, and that no final settlement has yet been made. Why then should he go into the district court? It is true, as held in *Shoemaker v. Brown,* 10 Kan. 383, that the district court has jurisdiction over certain matters relating to the estates of deceased persons, but it is an equitable jurisdiction, and in its exercise the district court will be governed by the rules of equity, *one of which is that a court of equity as a general rule will not exercise its jurisdiction where the plaintiff has a plain and adequate remedy by an ordinary legal proceeding in a tribunal especially provided by statute.*" (p. 550.) (Italics ours.)

The main appeal in this case is from the order sustaining a demurrer to the petition. As stated, appellant did not plead he had no adequate remedy at law. True, appellant cannot reach this fund by attachment or execution, prior to final order of distribution (*Uhl v. Groner,* 140 Kan. 653, 656, 38 P. 2d 130; *O'Loughlin v. Overton,* 68 Kan. 92, 74 Pac. 604), nor by garnishment. (*McCarthy Hardware Co. v. Foust,* 118 Kan. 431, 235 Pac. 867; *Citizens State Bank v. Moore,* 121 Kan. 628, 249 Pac. 587.) See, also, 18 C. J. 965, 967, descents and distribution, and 23 C. J. 357, *custodia legis.*

It does not follow appellant is without other adequate remedy at law. While the remedy of proceedings in aid of execution is not before us, we now conceive of nothing which prevented appellant from invoking such proceedings directly in the district court. (R. S. 60-3485.) Although the district court may not lay its strong

hand on the administrator who must act under order of the probate court, the district court may coerce a judgment debtor, the distributee. Nothing is called to our attention which would have prevented appellant from obtaining an order from the district court directing the judgment debtor to deliver to appellant the net distributive share of his interest in decedent's estate, upon final order of distribution by the probate court.

We have carefully noted the allegations of the petition relative to alleged fraud in connection with the probate sale. A sale of the real estate was imperative. The purchase price was $1,700. There is no allegation this was less than its actual value. We are obliged to assume the probate court would not have confirmed the sale, had the consideration been inadequate. The petition further alleged the purchaser had not paid the full purchase price. The probate court may not have required full cash payment and it was not obliged to do so. (R. S. 22-807.)

Finally, we are therefore confronted with a petition in which appellant does not allege ownership of or title to the fund in question. Appellant asks for equitable relief without an averment of no adequate remedy at law. Under these circumstances, the administrator had personalty in his possession subject to payment of debts, charges of administration and final distribution, subject to order of the probate court. In this situation the probate court had exclusive original jurisdiction.

The law defines the jurisdiction of probate courts and provides they shall have original jurisdiction as courts of record. The pertinent portion of R. S. 20-1101 reads:

"Third, to direct and control the official acts of executors and administrators, settle their accounts and order the distribution of estates." (See, also, 24 C. J. 510.)

In the early case of *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435, it was held:

"In matters pertaining to the distribution of a decedent's estate the probate court has exclusive jurisdiction subject to appeal to the district court." (Syl. ¶ 1.)

In that case this court said:

"The probate court is a court of exclusive jurisdiction over the distribution of the estates of deceased persons, subject to appeal to the district court. Its orders made in the exercise of its jurisdiction cannot be collaterally attacked and their effect frustrated by proceedings in other courts." (p. 201.)

The rule announced in the Guthrie case has been followed by this

court in *Holden v. Spier*, 65 Kan. 412, 70 Pac. 348; *Correll v. Vance*, 127 Kan. 840, 842, 275 Pac. 174; *Parsons v. McCabe*, 127 Kan. 847, 849, 275 Pac. 173; *Holmes v. Conway*, 128 Kan. 430, 432, 278 Pac. 8; *Myers v. Noble*, 141 Kan. 432, 438, 41 P. 2d 1021.

For careful review of cases involving jurisdiction of district and probate courts as to various subjects and for suggested procedure when dispute exists as to proper distribution by a probate court, see *Lindholm v. Nelson*, 125 Kan. 223, 230, 264 Pac. 50.

Other questions ably presented and cases cited from this and various other states have received our studious consideration, but they are not considered determinative of the main issues here involved.

The district court was without jurisdiction to grant the relief sought, the petition stated no cause of action as to any appellee, the demurrers were properly sustained, and the judgment in favor of appellees must be affirmed. It is so ordered.