No. 34,664

Cliff Tomson, *Appellee*, v. Aaron Sell, *Appellant*.

(99 P. 2d 747)

Opinion filed March 9, 1940.

*Walter L. Bullock* and *W. C. Gould*, both of Dodge City, for the appellant.

*R. S. Field*, of Syracuse, *Albert Watkins* and *Horace Watkins*, both of Dodge City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for the recovery of money. Judgment was for the plaintiff. Defendant appeals.

The petition made Aaron Sell and the Fidelity State Bank of Dodge City defendants. It alleged that about October 15, 1937, a written contract was entered into between plaintiff and defendant Sell, whereby plaintiff agreed to sell and defendant agreed to buy certain real estate for an agreed price of $3,705, of which $500 was to be paid in cash, and the balance was to be paid on completion of the deal; that the $500 was paid by defendant and was deposited in escrow in the Fidelity State Bank of Dodge City to be held by the bank until the seller should furnish good title to the real property; that the conveyance was to be made by a warranty deed and abstract furnished showing good merchantable title to the property; that a deed from the seller named in the contract, joined in by his wife, and executed and acknowledged in proper form, in favor of defendant as grantee, was also deposited in the Fidelity State Bank; that the contract provided that all deferred payments were to be

made through this bank; and that the contract provided further that the property should be free and clear of taxes for 1937 and all previous years. A copy of this contract was attached to the petition. The petition then alleged that the plaintiff had caused an abstract of title to be prepared and furnished to defendant; that certain requirements had been made, and these had been met so as to show title to the real estate to be in the estate of Samuel Brinley. The petition further alleged that about January 8, 1938, plaintiff tendered this abstract, together with an administrator's deed from Allen Brinley as administrator of the estate of Samuel Brinley, in favor of the plaintiff as grantee, and a general warranty deed from plaintiff, joined by his wife, in favor of the buyer as grantee, and demand was made upon the defendant for performance of the contract and payment of the purchase price, but defendant refused to accept the abstract and deeds and perform the contract on his part; that subsequently the abstract and two deeds were tendered to the Fidelity State Bank of Dodge City, and demand made upon the bank as escrow holder for the performance of the contract, but the bank refused to perform. The petition then alleged that plaintiff was ready and willing to perform and again tendered the deeds and abstract, and that by reason of the failure of the defendant to perform he had breached the contract and plaintiff became entitled to the $500 deposited with the bank; that demand had been made on the bank for the $500 and payment refused. Judgment was asked for $500.

For his answer, the defendant alleged that at the time the agreement was entered into plaintiff was not the owner of the real estate in question; that at the time of the pretended delivery of the deed to defendant the plaintiff was not seized in fee of the property and could not have made a good title and the title was not marketable, and the attention of plaintiff was directed to the defects in the title, and plaintiff refused to perfect the title and failed to give defendant a title in fee simple clear of all encumbrances; that defendant had fully performed every act to be done by him according to the terms of the contract, and plaintiff had failed to convey the property to him by general warranty deed and abstract showing merchantable title and that defendant was entitled to recover back his $500 from the Fidelity State Bank. The prayer of the answer was that defendant have judgment against the Fidelity State Bank of Dodge City for $500.

To this answer the plaintiff filed a reply alleging, first, a general denial. The reply then alleged that the title offered by plaintiff was a good, merchantable title; that when the attention of plaintiff was called to the defects in the title by the attorney for defendant he proceeded to correct all substantial defects and showed such corrections on the abstract; that certain of the requirements made by the attorney for defendant were without merit and plaintiff pointed out these matters to defendant, with the result that the abstract when last submitted to defendant and demand made for performance showed good merchantable title, which would be conveyed to defendant by the deeds in question.

With the issues thus made up a jury was waived and the cause was submitted to the court. At the close of the opening statement of counsel for plaintiff, the defendant moved for judgment on the statement. This motion was overruled. At the conclusion of the evidence of plaintiff, defendant moved for judgment on the pleadings and evidence of plaintiff. This motion was overruled. The defendant introduced his evidence, and after the argument of counsel the trial court found in favor of plaintiff and gave judgment to plaintiff for $500. The court further found that the Fidelity State Bank of Dodge City had filed an answer admitting that it had in its possession $500 deposited in escrow with the contract sued on. It was ordered that the $500 be paid to the clerk of the trial court, to be held by the clerk pending the appeal of the action and the further order of the court. A motion for a new trial was filed by defendant and overruled by the trial court. Hence this appeal.

The first argument of defendant is that the trial court erred in overruling his motion for judgment on the pleadings and opening statement of plaintiff. In this connection the defendant points out that plaintiff furnished defendant an abstract of title to the land about November 8, 1937, and the attorney for defendant made certain requirements; that during the last week in November, 1937, plaintiff advised defendant that he had met six of the requirements and he did not consider it essential that he meet the remaining ones. Defendant argues that the contract provided that the $500 was to remain in the bank until he had approved the title. He argues that he never did approve the abstract—hence cannot be bound. He relies in a large measure on what this court held in *Hollingsworth v. Colthurst*, 78 Kan. 455, 98 Pac. 851. In that case the contract provided that the title should be satisfactory to the buyer. This court said:

"If such a contract be made, the party to be satisfied is the judge of his own satisfaction, subject to the limitation that he must act in good faith." (p. 456.)

That opinion is not decisive of the question we have here. In this case the seller agreed to furnish a "good merchantable title." True, the contract did provide that the $500 was to be held in the bank until first party could furnish "good title to be approved by second party."

These two provisions must be construed together, and when this is done we have no trouble in reaching the conclusion that the approval of defendant related to whether the title offered by plaintiff was a "good merchantable" one and that a refusal to accept such title must be reasonable. Under such circumstances this court has held that the title must be "free from reasonable doubt in law and in·fact; not merely a valid title in fact, but one which readily can be sold or mortgaged to a reasonably prudent purchaser or mortgagee." (See *Myrick v. Austin*, 141 Kan. 778, 44 P. 2d 286, also 66 C. J. 862.)

Under the facts set out in the pleadings and the opening statement of counsel here we cannot say that there was such a reasonable doubt on this title as to require a judgment for defendant at that stage of the case.

Defendant next argues that the court erred in overruling his motion for judgment at the conclusion of the evidence. In brief, this evidence showed that when the contract was entered into plaintiff did not have title to the land; that when defendant stated that he would give $15 an acre for it, or $3,705, plaintiff immediately had the contract executed by his agent, and took steps to acquire title by means of an administrator's deed. This he did for a price of $2,250. That he did not have the title when he made the contract of sale is of no moment, just so he had title when he tendered the deeds to defendant and demanded performance. (See *McAdam v. Leak*, 111 Kan. 704, 208 Pac. 569.) When the abstract was furnished to defendant he handed it to his attorney, who proceeded to examine it. After the examination he made a number of requirements. The plaintiff substantially complied with these requirements. The requirement with which defendant did not comply was one wherein the attorney stated that the record showed that the debts due from the Samuel Brinley estate amounted to $3,000; that the sale of the real estate to plaintiff for $2,250 would not pay the

creditors in full and it was likely that they had no notice that the real estate was being sold for $2,250. There was but little the plaintiff could do about this. In *Staker v. Gillen,* 143 Kan. 212, 53 P. 2d 821, this court held that an administrator's deed was prima facie evidence of the regularity of all proceedings upon which it was based. (See, also, *Rust v. Rutherford,* 101 Kan. 495, 167 Pac. 1056, also *Uhl v. Groner,* 140 Kan. 653, 38 P. 2d 130.) Following the rule laid down in these cases we have concluded that the matters pointed out by the attorney who examined the abstract did not raise a reasonable doubt as to the title to the real estate in question. Other errors urged by the defendant have been examined and found to be without merit.

The judgment of the trial court is affirmed.