(854 P.2d 311)

No. 68,354

THE KINSLEY STATE BANK, *Plaintiff*, v. RICHARD D. WATERS, PATRICIA J. WATERS, MARTHA JEAN WATERS NYSTROM, and the BOARD OF COUNTY COMMISSIONERS OF STAFFORD COUNTY, KANSAS, *et al., Defendants*, and IUKA COOPERATIVE EXCHANGE, *Defendant/Appellant*, and THE PEOPLES BANK OF PRATT, *Appellee*.

Opinion filed June 11, 1993.

*Michael K. Johnston,* of Hampton, Hampton, Christensen, Johnston & Eisenhauer, of Pratt, for the appellant.

*Royce E. Wallace,* of Wallace & Zimmerman, of Wichita, for the appellee.

Before LEWIS, P.J., BRAZIL, J., and CARL B. ANDERSON, JR., District Judge, assigned.

ANDERSON, J.: This appeal involves a priority dispute between two creditors, the Iuka Cooperative Exchange (appellant) and The Peoples Bank of Pratt (appellee), concerning the surplus proceeds from a foreclosure sale of real estate. The facts are not in dispute.

The case began as a foreclosure action brought by the plaintiff, The Kinsley State Bank, against the defendant, Richard D. Waters, and others, in Stafford County District Court. Appellant was made a party to the foreclosure action by virtue of its notice of lis pendens filed in Stafford County on October 5, 1989. Appellant's notice of lis pendens was based upon a previously filed suit against Waters in Pratt County District Court.

Appellee was never formally made a party to this action, although it had also filed a separate foreclosure action against Wa-

ters in Stafford County District Court on June 22, 1990. In appellee's action against Waters, it sought the foreclosure of certain real estate mortgages and security interests it held on other property of Waters. Appellee did not, however, have a mortgage on the real estate covered by the foreclosure action which is the subject of this case. Appellant was likewise made a party to appellee's foreclosure action because of appellant's notice of lis pendens, and appellant filed an answer therein acknowledging that its interest was subordinate to the mortgages and security interests of appellee in the property being foreclosed against in that action.

Meanwhile, in this action, The Kinsley State Bank obtained judgment against Waters and proceeded to sheriff's sale. An order of sale was issued, and the real estate was sold on April 30, 1991.

Following the sale of the real estate and the payment of the debt to The Kinsley State Bank, there remained over $27,000 in surplus funds which were held by the Clerk of the District Court. Of this amount, $6,201.15 was paid to another defendant to satisfy its judgment lien, which payment is not being contested by either party to this appeal.

On May 30, 1991, appellant obtained judgment against Waters in the sum of $45,000 in Pratt County District Court. A transcript of this judgment was filed in Stafford County on the same date. The sheriff's sale in Stafford County in this case was confirmed by the court on May 31, 1991.

Appellant filed a motion in Stafford County to establish its priority to the remainder of the funds being held by the clerk. Appellant's claim of priority was based on its judgment lien and prior notice of lis pendens out of Pratt County. Appellee, although not a party to this action, filed an objection to appellant's motion and set forth its own claim of priority.

On May 14, 1992, the trial court rendered its memorandum opinion, finding that appellant's notice of lis pendens never resulted in a perfected lien against the real estate in question or the proceeds from its sale and was extinguished when such real estate was sold. The trial court then ruled that the proceeds remaining after the sale of the real estate and the payment of the uncontested claims constituted accounts receivable to Waters. Further, the court ruled that appellee was entitled to such pro-

ceeds since it had a security interest in Waters' accounts receivable. Appellant appeals that ruling.

Appellant first argues that, under K.S.A. 60-2203a, it had a valid judgment lien against Waters' real estate at the time of the sheriff's sale, and, therefore, had a right to seek satisfaction of its claim from the surplus proceeds remaining after the sale. Appellant maintains that its judgment lien arose as a result of its notice of lis pendens in Stafford County on October 5, 1989, and its subsequent filing on May 30, 1991, of a transcript of the judgment it had obtained against Waters in Pratt County earlier on that same date. It is appellant's position that the trial court erred in ruling that any rights appellant had under its notice of lis pendens were extinguished when the real estate was sold. We agree.

K.S.A. 60-2203a is controlling on this issue. It reads in relevant part:

"(a) After the commencement of any action in any district court of this state, . . . any party to said action may give notice in any other county of the state of the pendency of the action by filing for record with the clerk of the district court of such other county a verified statement setting forth the parties to the action, the nature of the action, the court in which it is pending, and the relief sought, which shall impart notice of the pendency of the action and shall result in the same lien rights as if the action were pending in that county. *The lien shall be effective from the time the statement is filed, but not to exceed four (4) months prior to the entry of judgment except as provided in subsection (c)."* (Emphasis added.)

Judge Gard, in his comments on K.S.A. 60-2203, the predecessor statute to K.S.A. 60-2203a, states:

"The above section was originally added as a new section by the 1965 Legislature. The purpose was to make judgment liens apply to property of the judgment debtor in counties other than that in which the action was brought where the specified lis pendens notice was filed in such other county or counties. *After judgment is rendered, the lien relates back to the time of filing the 'verified statement' required, but not farther than 4 months prior to the entry of the judgment.*

. . . .

"The section was repealed in 1976, which was apparently inadvertent. At any rate the 1977 Kansas legislature reenacted the section in its present form which is the same as at the time of repeal except for the addition of subsection (b) which is a saving clause to protect liens resulting from filing after the effective date of the repeal . . . but before the effective date of the reenactment . . . . Upon reenactment the section was designated by

the Revisor of Statutes as K.S.A. 60-2203a instead of 60-2203, which was the number of the repealed section." 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-2203a, Comments (1979).

Under the language of the statute, appellant obtained a valid judgment lien against the real estate of Waters when it filed its Pratt County judgment in Stafford County on May 30, 1991. Further, under the statute, such lien related back and attached to the real estate four months prior thereto, *i.e.,* January 30, 1991, well before the real estate was sold.

The trial court ruled that K.S.A. 1992 Supp. 60-2410 controls the sale of real property under execution and that such a sale cuts off liens on the property unless saved pursuant to K.S.A. 60-2406 and K.S.A. 1992 Supp. 60-2414. It appears the trial court did not follow K.S.A. 60-2203a based upon its reading of *Staker v. Gillen,* 143 Kan. 212, 53 P.2d 821 (1936). The trial court found that appellant's notice of lis pendens only created a "threat of a judgment lien" and that, under the rationale of *Staker,* any rights appellant had by virtue of its notice of lis pendens vanished when the real estate was sold and did not attach to the sale proceeds.

In *Staker,* a probate action decided over 30 years prior to the enactment of K.S.A. 60-2203, a creditor was seeking to impress a lien upon its debtor's distributive share of a decedent's estate. In that case, the decedent's real estate had been ordered sold by the probate court to pay the estate's debts and charges of administration. The court ruled that the creditor did not have a judgment lien on the property of the deceased, and any lien of the creditor would not attach to any real estate actually inherited by the debtor until the time of final distribution. The court ruled that, since the real estate of the decedent was sold in the estate, the creditor's judgment lien never attached to the real estate and, as a result, did not attach to any of the sale proceeds therefrom.

The clear holding of *Staker* is that a creditor's judgment lien does not attach to a debtor/distributee's share of a decedent's estate until final distribution is ordered by the probate court. Until that time, a creditor has no interest in the property of the deceased, and such property is subject to being sold and used to pay debts and costs of administration of the estate.

In this case, unlike the *Staker* case, there is no problem with the ownership of the real estate or any question about the at-

tachment of the judgment lien. Waters owned the real estate at all relevant times and, pursuant to K.S.A. 60-2203a, appellant had a valid judgment lien which attached to the real estate well before it was sold. As a holder of a junior lien cut off by the foreclosure of a mortgage against the real estate, appellant was entitled to seek satisfaction of its claim out of the surplus proceeds from the foreclosure sale. 59 C.J.S., Mortgages § 800.

Appellant next argues that the trial court erred when it ruled that appellee's claim was superior to appellant's by virtue of appellee's security interest in Waters' accounts receivable.

Appellee contends that, because the proceeds from the foreclosure sale vest with the debtor, such amounts are in reality accounts receivable belonging to Waters and, therefore, appellee's security interest in accounts receivable gives appellee a perfected security interest in those monies. Appellee relies upon Article 9 of the Kansas UCC as authority for its position.

Appellee's reliance upon Article 9 is misplaced. K.S.A. 84-9-104(j) excludes transactions concerning the creation or transfer of an interest in or lien on real estate. "To a large extent, the exemption in this subsection is a reflection of the general scope provision in 84-9-102, that Article 9 only applies to security interests in personal property and fixtures." Kansas Comment 1983 to K.S.A. 84-9-104(j); see *Garnett State Savings Bank v. Tush,* 232 Kan. 447, 452, 657 P.2d 508 (1983).

Further "account" is defined as "any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper, whether or not it has been earned by performance." K.S.A. 84-9-106. In this case, Waters' rights in the proceeds from the foreclosure action did not arise because of goods sold or leased or because of services rendered or to be rendered. Because the monies in question are proceeds from the sale of real estate, the monies cannot be accounts receivable under Article 9.

If appellee has any interest in the remaining proceeds from the foreclosure sale in this case, it can only be as a result of it having previously obtained a judgment lien against the real estate in question pursuant to its action against Waters filed on June 22, 1990, in Stafford County. Unfortunately, the record does not reveal if appellee ever obtained judgment against Waters in that

case or, if judgment was obtained, on what date. Therefore, it is impossible for this court to determine if appellee has a valid judgment lien and, if so, its priority in relation to appellant's lien. Those matters will have to be determined by the trial court on remand.

Finally, as already noted, the appellee has never been formally joined as a party to this action. To cure this problem, on remand, an order joining the appellee as a party pursuant to K.S.A. 60-219 should be entered.

Reversed and remanded with directions to the trial court to find that appellant had a valid judgment lien in this case as of January 30, 1991, and to further determine whether appellee had a valid judgment lien and, if so, its priority in relation to the appellant's lien.